# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 26, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| STEPHEN GRIVNA, *as* | * | UNPUBLISHED |
| *Father and Natural Guardian for* M.G., | * | |
| | * | No. 15-1286V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; Influenza (Flu); |
| AND HUMAN SERVICES, | * | Acute Disseminated Encephalo- |
| | * | myelitis (ADEM). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On October 29, 2015, Stephen Grivna ("petitioner"), on behalf of his daughter, M.G., filed a petition for compensation under the National Vaccine Injury Compensation Program[2] (the "Vaccine Program"). Petition (ECF No. 1).[3] The petition seeks compensation for injuries allegedly related to M.G.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] The petition was originally filed by both Carla and Stephen Grivna as named petitioners; however, petitioners moved to amend the caption to remove Carla Grivna as a petitioner, and the caption was amended by my order dated June 10, 2020, leaving Stephen Grivna as the sole petitioner.

M.G. received the flu immunization on November 20, 2013.  The vaccination was administered within the United States.  Petitioner alleges that M.G. suffered from injuries, including acute disseminated encephalomyelitis ("ADEM") as a result of receiving the vaccine.

On June 24, 2020, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner on behalf of M.G.  Stipulation (ECF No. 112). Respondent denies that the vaccine caused M.G. to suffer from ADEM, or any other injury or her current condition.  *Id.* at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation awards:

a. **A lump sum of $852,866.12, which amount represents compensation for first year life care expenses ($309,016.12), and trust seed funds ($543,850.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of M.G.;**

b. **A lump sum of $925,000.00, which amount represents compensation for lost future earnings and pain and suffering, in the form of a check payable to petitioner as guardian/ conservator of M.G. for the benefit of M.G.  No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as guardian/ conservator of M.G.'s estate;**

c. **A lump sum of $73,479.93, which amount represents reimbursement of a lien for services rendered on behalf of M.G., in the form of a check payable jointly to petitioner and Agency for Health Care Administration, and mailed to:**

    **Florida Medicaid Casualty Recovery Program
    P.O. Box 12188
    Tallahassee, FL 32317-2188
    HMS Case Number: 115027**

    **Petitioner agrees to endorse this check to the Agency for Health Care Administration.**

d. **A lump sum of $50,121.66, which amount represents reimbursement of a lien for services rendered to M.G., in the form of a check payable jointly to petitioner and Department of Health, Children's Medical Services, and mailed to:**

    **Department of Health, Children's Medical Services
    2390 Phillips Road
    Tallahassee, FL 32308
    ATTN: Bonnie Dorman**

CMS File No.: 20220217MG01

**Petitioner agrees to endorse this check to the Department of Health, Children's Medical Services.**

e. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation (attached hereto as Appendix A), paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

STEPHEN GRIVNA, as )
Father and Natural Guardian for M.G., )
 )
           Petitioner, )
 )
v. ) No. 15-1286V
 ) Special Master Thomas Gowen
SECRETARY OF )
HEALTH AND HUMAN SERVICES, )
 )
           Respondent. )
 )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his daughter, M.G., Stephen Grivna ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to M.G.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. M.G. received the flu immunization on November 20, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that M.G. suffered from injuries, including acute disseminated encephalomyelitis ("ADEM"), as a result of receiving the vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of M.G. as a result of her condition.

---

[1] The petition was originally filed by both Carla and Stephen Grivna as named petitioners; however, petitioners moved to amend the caption to remove Carla Grivna as a petitioner, and the caption was amended by order of the special master dated June 10, 2020, leaving Stephen Grivna as the sole petitioner.

6. Respondent denies that the vaccine caused M.G. to suffer from ADEM, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $852,866.12, which amount represents compensation for first year life care expenses ($309,016.12) and trust seed funds ($543,850.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of M.G.;
>
> b. A lump sum of $925,000.00, which amount represents compensation for lost future earnings and pain and suffering, in the form of a check payable to petitioner as guardian/conservator of the estate of M.G. for the benefit of M.G. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as guardian/conservator of M.G.'s estate;
>
> c. A lump sum of $73,479.93, which amount represents reimbursement of a lien for services rendered on behalf of M.G., in the form of a check payable jointly to petitioner and Agency for Health Care Administration, and mailed to:
>
> > Florida Medicaid Casualty Recovery Program
> > P.O. Box 12188
> > Tallahassee, FL 32317-2188
> > HMS Case Number: 115027

Petitioner agrees to endorse this check to the Agency for Health Care Administration.

> d. A lump sum of $50,121.66, which amount represents reimbursement of a lien for services rendered on behalf of M.G., in the form of a check payable jointly to petitioner and Department of Health, Children's Medical Services, and mailed to:
>
> > Department of Health, Children's Medical Services
> > 2390 Phillips Road

Tallahassee, FL 32308
Attn: Bonnie Dorman
CMS File No.: 20200217MG01

Petitioner agrees to endorse this check to the Department of Health, Children's Medical Services.

    e. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

    9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

    10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of M.G., pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee, for the following items of compensation:

    a. For future unreimbursable BCBS Premium, BCBS MOP, Medicare Part B Premium & Deductible, Medigap, Medicare Part D, and Dentist expenses, on the first anniversary of the date of judgment, a lump sum of $11,073.20; then, on the anniversary of the date of judgment in year 2022, a lump sum of $11,349.80; then, on the anniversary of the date of judgment in year 2023, a lump sum of $11,626.52; then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $13,060.43 to be paid up to the anniversary of the date of judgment in year 2069; thereafter, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $6,484.79 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b. For future unreimbursable Physician Prescribed Extended Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $64,047.00 to be paid up to the anniversary of the date of judgment in year 2025, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Physical Therapy, Occupational Therapy, and Speech Therapy expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $153.15, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Nutritionist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $580.00 to be paid up to the anniversary of the date of judgment in year 2026; thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $217.50 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable PPEC Physical Therapy, Occupational Therapy, and Speech Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $18,538.68 to be paid up to the anniversary of the date of judgment in year 2024; then, on the anniversary of the date of judgment in year 2024, a lump sum of $19,503.12, all amounts increasing at the rate of three (3%), compounded annually from the date of judgment.

f. For future unreimbursable Psychological Counseling expenses, on the first anniversary of the date of judgment, a lump sum of $1,350.00; then, on the anniversary of the date of judgment in year 2023, a lump sum of $1,350.00; then, on the anniversary of the date of judgment in year 2025, a lump sum of $2,700.00; then, on the anniversary of the date of judgment in year 2029, a lump sum of $1,350.00; then, on the anniversary of the date of judgment in year 2034, a lump sum of $2,700.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Zyrtec, Miralax, Benadryl, Acetaminophen, Zinc Oxide Cream, Simethicone, and Barrier Cream expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,761.86 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Diaper, Wipe, CHUX, CHUX Pad Cloth, Tube Feeding Elecare Jr., and Gauze expenses, beginning on the first anniversary of the date of judgment, an annual amount of $8,175.08 to be paid for the remainder of M.G.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Suction Canister & Tubing, Yankower Suction Apparatus, Bags for Tube Feeding, Syringe, and Mickey Tube Adapter Extension expenses,

beginning on the first anniversary of the date of judgment, an annual amount of $2,106.18 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Backpack for Tube Feeding Supplies, Alternating Pressure Mattress, Mattress Cover, Pole for Pump, Positioning Pillow, Augmentative Communication System, and Software expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,087.10 to be paid up to the anniversary of the date of judgment in year 2024; then, on the anniversary of the date of judgment in year 2024, a lump sum of $1,137.10; thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $1,097.10 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Sling expenses, beginning on the first anniversary of the date of judgment, an annual amount of $180.00 to be paid up to the anniversary of the date of judgment in year 2034, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Hospital Bed, Adjustable Bedside Table, Hand Held Shower, Transfer Board, Storage Shelf, Blood Pressure Machine, Digital Thermometer, and Wheelchair Seating Evaluation expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $194.00; then, on the anniversary of the date of judgment in year 2023, a lump sum of $1,526.00; then, on the anniversary of the date of judgment in year 2024, a lump sum of $194.00; then, on the anniversary of the date of judgment in year 2025, a lump sum of $130.00; then, on the anniversary of the date of judgment in year 2026, a lump sum of $126.00; then, on the anniversary of the date of judgment in year 2028, a lump sum of $ 107.00; then, on the anniversary of the date of judgment in year 2029, a lump sum of $ 126.00; then, on the anniversary of the date of judgment in year 2030, a lump sum of $ 330.00; then, on the anniversary of the date of judgment in year 2032, a lump sum of $ 126.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

m. For future unreimbursable Wheelchair Accessory, Roll-in Shower Wheelchair, Roho Cushion, Cushion Cover, Developmental Game & Toy, and Reclining Chair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,638.14 to be paid up to the anniversary of the date of judgment in year 2026; thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $1,388.14 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

n. For future unreimbursable Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $64,810.92 to be paid up to the anniversary of the date of judgment in year 2025, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

o. For future unreimbursable Facility Care expenses, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $108,770.00 to be paid up to the anniversary of the date of judgment in year 2065; thereafter, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $108,770.00 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

p. For future unreimbursable Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $960.00 to be paid up to the anniversary of the date of judgment in year 2025, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

q. For future unreimbursable Case Manager expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,520.00 to be paid up to the anniversary of the date of judgment in year 2025; thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $8,280.00 to be paid for the remainder of M.G.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

r. For future unreimbursable YMCA expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $533.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the trustee in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment. The trustee will continue to receive the annuity payments from the Life Insurance Company only so long as M.G. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, the trustee, and the Life Insurance Company shall be provided within twenty (20) days of M.G.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of M.G. as contemplated by a strict

construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of M.G.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of M.G.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.G. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.G. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of M.G., on behalf of himself, M.G., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.G. resulting from, or alleged to have resulted from the vaccination administered on November 20, 2013, as alleged by petitioner in a petition for

8

vaccine compensation filed on or about October 29, 2015, in the United States Court of Federal Claims as petition No. 15-1286V.

18. If M.G. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused M.G. to suffer from ADEM or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of M.G.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*(signature)*
STEPHEN GRIVNA

**ATTORNEY OF RECORD FOR PETITIONER:**

*(signature)*
JEFFREY S. POP, ESQ.
KRISTINA E. GRIGORIAN, ESQ.
Jeffrey S. Pop & Associates
9150 Wilshire Blvd. Suite 241
Beverly Hills, CA 90212
Tel: (310) 273-5462

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 6/24/20

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

*(signature)*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Tara A Englund by Catharine E.*
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-3013